# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

FILED
MAR 7 2 59 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 5th day of March, two thousand four.

PRESENT:

    HON. CHESTER J. STRAUB,
    HON. ROSEMARY S. POOLER,
    HON. BARRINGTON D. PARKER,
               *Circuit Judges.*

FILED
MAR - 5 2004
SECOND CIRCUIT

---

ANDREW A. COHEN and CARL A. SECOLA, JR.,

    Special Masters

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HANS LORICCO and NORTH HAVEN AUTO SALES & SVC., INC.,

    *Plaintiffs-Appellees,*

    –v.–

**SUMMARY ORDER**
No. 03-7541

ANTHONY RESCIGNO,

    *Defendant-Appellant,*

KEVIN CONNOLLY and TOWN OF NORTH HAVEN,

    *Defendants.*

---

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

1

ISSUED AS MANDATE: 4/2/04

Appearing for Appellant:        Thomas R. Gerarde, (John J. Radshaw, III, on the brief), Howd & Ludorf, Hartford, CT.

Appearing for Appellees:        John R. Williams, New Haven, CT.

---

Appeal from the United States District Court for the District of Connecticut (Robert N. Chatigny, *Chief Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the final order of the District Court is AFFIRMED.

---

Defendant-Appellant Anthony Rescigno ("Rescigno"), former First Selectman of the town of North Haven, Connecticut, appeals from an order of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Chief Judge*) denying Rescigno's motion for summary judgment on qualified immunity grounds.

Because the District Court did not deny summary judgment on purely legal grounds, we have jurisdiction only to the extent that Rescigno contends he is entitled to immunity based on the plaintiff's version of the facts. *See Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 760-61 (2d Cir. 2003). Plaintiff-Appellee Hans Loricco alleges that Rescigno violated his Fourth Amendment and Fourteenth Amendment rights by breaking into his locked service station without a warrant in order to allow third parties to retrieve their personal belongings from the station.

In applying the qualified immunity test on summary judgment, the court must determine whether, construing the facts in the light most favorable to the plaintiff, the defendant's conduct violates a constitutional right, and if so, whether that right was clearly established at the time of the challenged conduct. *See, e.g., Poe v. Leonard*, 282 F.3d 123, 132 (2d Cir. 2002).

In this case, viewing the facts in plaintiff's favor, a jury could find that Rescigno either intentionally broke into Loricco's service station or authorized third parties to take such action. Whether viewed as a warrantless entry, search, or seizure, this conduct in the absence of statutory authorization, emergency circumstances, or probable cause to believe that any illegal activity was occurring on the premises would clearly violate the Fourth Amendment. *See Anobile v. Pelligrino*, 303 F.3d 107, 117 (2d Cir. 2002) (explaining that "[t]he Fourth Amendment protects against unreasonable searches of commercial premises"). Moreover, the general principles governing warrantless entry onto private commercial property are sufficiently well-established to give Rescigno fair notice that the alleged conduct was barred by the Fourth Amendment. *See, e.g., United States v. Burger*, 482 U.S. 691 (1987). For these reasons, and because Rescigno identifies no other errors in the District Court's qualified immunity analysis with regard to Loricco's Fourth Amendment claim, we affirm.

Rescigno also argues that he is entitled to qualified immunity with regard to Loricco's Fourteenth Amendment procedural due process claim. However, Rescigno failed to argue the applicability of *Hudson v. Palmer*, 468 U.S. 517 (1984), before the District Court, and we decline to address this argument for the first time on appeal. *See Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 264 (2d Cir. 2003).

Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK

*Lucille Carr*  3/5/04
BY                             DATE

3